UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Case No. 16-20081

vs.                                         HON. MARK A. GOLDSMITH

RARSHIEM K. WILSON,

       Defendant.
_____/

## ORDER
## DENYING DEFENDANT RARSHIEM K. WILSON'S MOTION FOR JUDICIAL RECOMMENDATION (Dkt. 21) WITHOUT PREJUDICE

This matter is before the Court on Defendant Rarshiem K. Wilson's motion seeking a judicial recommendation (Dkt. 21) for home confinement due to the impact of the COVID-19 pandemic.[1] The Government has filed a response to the motion (Dkt. 22), asserting, among other things, that Wilson has not fully exhausted his administrative remedies or waited 30 days after the warden's receipt of Wilson's request for compassionate release, which is required under 18 U.S.C. § 3582(c)(1)(A). Wilson did not file a reply brief in support of his motion. For the reasons discussed below, Wilson's motion is denied without prejudice for failure to comply with § 3582(c)(1)(A).

Wilson seeks compassionate release to home confinement under the First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194. The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may

---

[1] Although Wilson cites 18 U.S.C. § 3624, which authorizes the Bureaus of Prison to place an inmate on home confinement, Wilson's motion is clearly seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A).

entertain motions filed by incarcerated defendants seeking to reduce their sentences, <u>United States v. Sapp</u>, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Generally, federal courts cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Before seeking compassionate release from federal courts, however, prisoners must "fully exhaust[ ] all administrative rights" or else they must wait for 30 days after the warden's "receipt of [their] request." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit recently held, among other things, that there are no statutory exceptions to this requirement, and that the unprecedented COVID-19 pandemic does not warrant creating an equitable exception. <u>United States v. Alam</u>, --- F.3d ---, 2020 WL 2845694, at *3-4 (6th Cir. June 2, 2020). When faced with an untimely motion for compassionate release, district courts must dismiss the motion without prejudice. <u>See id.</u> at *5 ("If (rather than dismissing) we sat on untimely compassionate release motions until the 30-day window ran its course, we could end up reviewing stale motions.").

Wilson does not address his compliance with § 3582(c)(1)(A), and the Government has properly raised it as a defense. Resp. at 2. Therefore, in light of the Sixth Circuit's clear instruction on this issue, Wilson's motion (Dkt. 21) must be dismissed without prejudice.

      SO ORDERED.

Dated: June 18, 2020                        s/Mark A. Goldsmith
      Detroit, Michigan            MARK A. GOLDSMITH
                                        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2020.

                                                  s/Karri Sandusky
                                                  Case Manager